SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ                                        1 The Circle, Suite 2
RESIDENT JUDGE                                       GEORGETOWN, DE 19947

April 5, 2023

Edwin Alvarado
SBI #00445399
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

       Re:   *State of Delaware v. Edwin Alvarado*
           Def. ID# 1011003050
           Petition for Postconviction Relief (R-1) and
           Motion for Appointment of Postconviction Counsel

Dear Mr. Alvarado:

In 2011, you pleaded guilty to Third Degree Rape. You were sentenced to 25 years at Level V, suspended after 8 years for 17 years of Level III probation. In May, 2019, you were found guilty of a violation of your probation ("VOP") and sentenced to 16 years and 11 months at Level V, suspended for 60 days at the Level IV VOP Center, followed by 16 years and 8 months of Level III probation.

In October, 2019, you were charged with another VOP because of a charge of First Degree Rape, which allegedly occurred in September, 2019. VOP proceedings were deferred pending the resolution of this new charge, and in March, 2020, you were released on secured bond pending trial on the new charge. In November, 2021,

your trial on the new charge ended in a mistrial when the jury was unable to reach a unanimous verdict.

On February 22, 2022, you were charged with another VOP for soliciting sex with women on social media. You agreed to admit to the VOP, in exchange for which the State would dismiss the pending rape case. You engaged in a colloquy with me in which you acknowledged that I could sentence you to between 16 and 17 years and that I could consider the evidence from the November, 2021 rape trial. After a thorough Pre-Sentencing Investigation, in determining the appropriate sentence for your VOP, on May 13, 2022, I sentenced you to 16 years and 11 months at Level V, with credit for time served, suspended after 10 years for 18 months at Level IV home confinement, followed by 5 years at Level III with a GPS monitoring device, with Level III running concurrently with any Level III now serving. You appealed directly to the Delaware Supreme Court, which affirmed on January 17, 2023.

On October 17, 2022, during the pendency of your Supreme Court appeal, you timely filed your first *pro se* Rule 61 Petition (the "Petition"), together with a Motion for Appointment of Postconviction Counsel ("PCC Motion"). In the Petition, you state three (3) grounds for postconviction relief: (1) your admission to the VOP was coerced by the State hanging the threat of a first degree rape trial over your head, (2) your trial counsel, Darryl Rago ("Trial Counsel"), was ineffective because he failed

to zealously represent you in a number of ways,[1] and (3) you were placed in double jeopardy for the offense charged in the first degree rape trial. In addition, you claim that you were mentally incompetent to understand any of what was going on in the VOP proceeding.

### Cognizability of Rule 61 Petition in the VOP Context

Your Petition was submitted under Superior Court Criminal Rule 61. That Rule speaks of a "judgment of conviction," which technically is a guilty verdict after trial or plea. Your Petition does not collaterally attack your 2011 guilty plea to Third Degree Rape. Even if it did, it would be procedurally barred under Rule 61 for, *inter alia*, being untimely filed (see discussion of procedural bars, below). An admission of a VOP is not a guilty verdict. Your exclusive remedy for the allegedly improper VOP proceeding – a direct appeal to the Delaware Supreme Court – has already been exercised. Thus, the use of a Rule 61 Petition to attack the sentence received for a VOP is not cognizable.[2]

---

[1] In your Petition, you state that Trial Counsel did not do an adequate investigation of the facts of the case, prepared no strategic defense, and performed below ABA standards.

[2] *State v. Stelljes,* 2018 WL 6264707 (Del. Super. Nov. 28, 2018); *State v. Berry*, 2007 WL 2822928 at *1 (Del. Super. Sept. 25, 2007).

On the other hand, Rule 61 consideration has been given to VOP proceedings in some Delaware cases.[3] However, even if Rule 61 were cognizable in the VOP context, I would nonetheless deny it for the reasons discussed below.

Before addressing the merits of your Petition, I would first address the four procedural bars of Superior Court Criminal Rule 61(i).[4] If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[5] A petition for post-conviction relief can be barred for time limitations, successive petitions, procedural default, or former adjudication.[6]

First, a petition for postconviction relief exceeds time limitations if it is filed more than one year after the conviction becomes final, or if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[7] In this case, your conviction became final for purposes of Rule 61 on February 6, 2023, the date the Delaware Supreme

---

[3] *State v. Phillips*, 2002 WL 524281 (Del. Super. March 4, 2002); *Phillips v. Kearney*, 2003 WL 2004392 at *2 (D. Del. April 21, 2003).
[4] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[5] *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).
[6] Super. Ct. Crim. R. 61(i).
[7] Super. Ct. Crim. R. 61(i)(1).

4

Court issued its mandate finally determining the case on direct review.[8] Thus, you actually filed your Petition *before* the one-year period began to run. Therefore, consideration of your Petition would not be procedurally barred by the one-year limitation.

Second, second or subsequent petitions for postconviction relief are not permitted unless certain conditions are satisfied.[9] Since this is your first Petition, this bar would not apply.

Third, procedural grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless the movant can show "cause for relief" and "prejudice from [the] violation."[10] You do not assert procedural grounds for relief not asserted in the proceedings leading to the judgment of conviction. Thus, this bar would not apply.

Fourth, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[11] Your first (coerced guilty plea) and third (double jeopardy) grounds for relief are properly raised for the

---

[8] Super. Ct. Crim. R. 61(m)(2).
[9] Super. Ct. Crim. R. 61(i)(2).
[10] Super. Ct. Crim. R. 61(i)(3).
[11] Super. Ct. Crim. R. 61(i)(4).

first time in postconviction proceedings. Your second ground for relief is based on claims of ineffective assistance of counsel. It is well settled Delaware law that, as collateral claims, ineffective assistance of counsel claims are properly raised for the first time in postconviction proceedings.[12] Thus, this bar would not apply.

The four procedural bars do not apply either to a claim that the Court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence,[13] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[14] You assert no such claims here.

Since your Petition would not be procedurally barred, I would consider it on the merits. In your Petition, you give no supporting evidence or persuasive arguments whatsoever on any of your three grounds. Self-serving assertions are no substitute for facts and evidence. I find that, based on your Petition and my thorough review of the record of the prior proceedings in this case, you would not be entitled to relief. For all of the reasons stated above, I enter an order that your Petition be

---

12 *State v. Schofield*, 2019 WL 103862, at *2 (Del. Super. January 3, 2019); *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").
13 Super. Ct. Crim. R. 61(i)(5).
14 Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

summarily **DISMISSED**.

**PCC Motion**

Rule 61 provides that I *shall* appoint postconviction counsel for you in your first timely Petition if it seeks to set aside, *inter alia*, a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and is for a crime designated as a class A, B, or C felony under 11 Del. C. §4205(b).[15] In this case, although this is your first Rule 61 Petition, you pleaded guilty and there was no trial verdict affirmed by direct appellate review, notwithstanding the class of the felony. Thus, I am not obligated to appoint postconviction counsel for you.

Rule 61 further provides that I *may* appoint counsel for you for your first timely Petition if it seeks to set aside a judgment of conviction that resulted from a guilty plea (as in this case) only if I determine that: (i) the conviction has been affirmed by final order upon direct appellate review; (ii) the Petition sets forth a substantial claim that you received ineffective assistance of Trial Counsel in relation to your guilty plea; (iii) granting the Petition would result in vacatur of the judgment of conviction for which you are in custody; and (iv) specific exceptional circumstances warrant the appointment of postconviction counsel.[16] In this case,

---

[15] Super. Ct. Crim. R. 61(e)(2)(i).
[16] Super. Ct. Crim. R. 61(e)(3).

although this is your first Rule 61 Petition, your claims about the ineffective assistance of Trial Counsel are insubstantial and there are no other exceptional circumstances that warrant the appointment of postconviction counsel. The Motion to Appoint Postconviction Counsel is **DENIED**.

      **IT IS SO ORDERED**.

Very truly yours,

_____
/s/Craig A. Karsnitz, Resident Judge

cc:    Prothonotary